**In re Arnold LEVITT, Debtor.**

**Bankruptcy No. 90–12812–CJK.**

United States Bankruptcy Court, D. Massachusetts.

March 10, 1992.

Jason Rosenberg, Andover, Mass., for Chapter 7 trustee.

Bernard P. Rome, Boston, Mass., for debtor.

Joseph Braunstein, Boston, Mass., trustee of Chestnut Hill Mortgage Corp.

*Memorandum of Decision on Trustee's Objection to Claim of Exemption*

CAROL J. KENNER, Bankruptcy Judge.

The Debtor has claimed as exempt property his interests in a profit sharing plan and in an individual retirement account, and the Chapter 7 Trustee has objected to both claims of exemption. The Debtor has asked that the Trustee's objection be stricken or overruled as untimely. For the reasons set forth below, the Court rules that the Trustee's objection was untimely and therefore must be overruled.

Objections to the list of property claimed as exempt must be filed within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the Court. Fed.R.Bankr.P. 4003(b). The Trustee and Debtor agree that the meeting of creditors commenced on August 8, 1990, and that the Trustee filed his objection on October 3, 1990. They disagree only as to when the meeting of creditors was concluded.

On that issue, I make the following findings of fact. The first meeting of creditors held pursuant to Rule 2003(a) was convened on August 8, 1990. In attendance were the Chapter 7 Trustee, the Debtor, and several creditors. During the meeting, which lasted less than one hour, various issues arose that the Trustee wanted to investigate further. However, the Trustee had many other meetings to conduct that afternoon, so he took the names of all parties present and announced that the meeting was continued generally. He did not specify a date of adjournment or leave those in attendance with the understanding that the meeting would necessarily be reconvened. He did not have a definite intention to reconvene the meeting at a later date. Rather, his intention was simply to postpone the conclusion of the meeting until he could investigate the matter further and decide whether the meeting should be

reconvened. In the fifteen months between the meeting and the evidentiary hearing on the Trustee's objection, the Trustee neither attempted to reconvene the meeting nor announced that the meeting was concluded.

■ These are the Court's findings of fact, but the issue presented—whether and when the meeting should be deemed to have concluded—is not simply an issue of fact but also one of law: how are we to determine whether a meeting of creditors has been concluded? The Federal Rules of Bankruptcy Procedure provide no express answers; they say nothing about how to conclude a meeting. And with respect to adjournment, they state only that "[t]he meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." Fed.R.Bankr.P. 2003(e). This rule is permissive ("the meeting *may* be adjourned by ..."), so I do not construe it as prescribing the *only* means by which a meeting may be adjourned. A trustee also has the option of announcing that the meeting will be continued to a date to be announced later.

■ However, I do find in both Rule 2003(e) and Rule 4003(b) a concern that the option of adjournment not be used to delay indefinitely the date by which objections to claimed exemptions must be filed. Rule 4003(b), by requiring that objections be filed within only thirty days of the conclusion of the meeting of creditors or of any amendment to the list of exemptions, exhibits the rulemakers' concern that the exemptions become final within a definite and relatively short time.[1] And Rule 2003(e), by providing for adjournment to a specific time, exhibits a concern to keep the process moving. A trustee who continues a meeting generally and does not within a reasonable time announce the adjourned date and time and reconvene the meeting thereby defeats the policy implicit in these rules. Thirty days is ample time in any case for the trustee to at least announce the adjourned date. Therefore, the Court holds

that where the trustee fails to announce an adjourned date and time within thirty days of the date on which the meeting of creditors was last held, the meeting will be deemed to have concluded on the last meeting date.

In this instance, the Chapter 7 Trustee continued the meeting generally and never announced a date and time of adjournment. Therefore, the meeting is deemed to have concluded on August 8, 1990, and the Trustee's objection is late.

■ The Trustee also argues that even if his objection was filed after the thirty-day deadline, his objection should nonetheless be deemed timely because the challenged exemptions lack a good-faith statutory basis. In support of this argument, the Trustee cites various decisions in which courts have held that an exemption must have an apparent legal basis to overcome an untimely objection. See *In re Stutterheim*, 109 B.R. 1010 (D.Kan.1989); *In re Frazier*, 104 B.R. 255 (Bankr.N.D.Cal. 1989); *In re Hansen*, 101 B.R. 33, 35 (Bankr.N.D.Ind.1988); *In re Rollins*, 63 B.R. 780 (Bankr.E.D.Tenn.1986); *In re Bennett*, 36 B.R. 893 (Bankr.W.D.Ky.1984).

This Court declines to follow these decisions. The judicial exception to Rule 4003(b) that they create not only contravenes the plain language of 11 U.S.C. § 522(*l*) ("Unless a party in interest objects, the property claimed as exempt on such list is exempt.") and of Rule 4003(b); it also vitiates the policy of finality enacted in Rule 4003(b). Moreover, I disagree with the proposition that this exception is necessary to deter or remedy the bad-faith practice among certain debtors of claiming exemptions that have no plausible statutory basis in the hope that the trustee will fail to object timely, a practice known as "exemption by declaration." This practice is adequately deterred and remedied by Fed. R.Bankr.P. 9011 (which permits entry of sanctions against a party or attorney who signs a document that he or she knows is not well-grounded in fact and warranted by existing law or a good-faith argument for

---

1. This finality is important not only to debtors, who need to get on with their lives, but also to trustees, who need to know which assets are theirs to administer. The Court is sensitive, however, to the burden faced by trustees, who may handle forty or fifty meetings in a single day.

the extension, modification, or reversal or existing law) and 11 U.S.C. § 727(a)(4)(A, B) (which denies a discharge to debtors who knowingly and fraudulently make a false oath or account or present a false claim).

Even if the Court were to follow the above cases, however, it would be of no avail to the Trustee, at least with respect to the pension plan. The pension plan appears to qualify as exempt property under 11 U.S.C. § 522(d)(10)(E) to the extent reasonably necessary for the support of the Debtor and any of his dependents. And the Debtor's assertion that the entire amount is "reasonably necessary" is not outside the realm of good faith, given that the meaning of "reasonably necessary" is unsettled and subject to the Court's discretion.

*Conclusion*

For the above reasons, the Court concludes that the Trustee's objection to the Debtor's claim of exemption with respect to the profit sharing plan and the individual retirement account was filed late and must be overruled. A separate order will enter accordingly.