**In re Terrence HAVANEC, Debtor.**

**Bankruptcy No. 93–14857.**

United States Bankruptcy Court,
N.D. Ohio.

Dec. 22, 1994.

Alexander Jurczenko, Cleveland, OH, for debtor.

David O. Simon, Cleveland, OH, for Trustee.

MEMORANDUM OF OPINION

DAVID F. SNOW, Bankruptcy Judge.

The Debtor in this case asserts that his exemption claims became final in the chapter

11 phase of his case since no creditor objected within the time specified in Rule 4003(b) of the Federal Rules of Bankruptcy Procedure. The Trustee appointed after the Debtor converted the case to chapter 7 argues that the Debtor is wrong on two counts: first, because the chapter 11 creditors meeting was never concluded and therefore the 30–day period specified in Rule 4003(b) never started, and second, because conversion of the case to chapter 7 afforded the Trustee and creditors a new 30–day period to object to the Debtor's exemption claims. For the reasons noted below the Court concludes that the Trustee is correct and that his objection to the Debtor's exemption claims was timely and effective.

Bankruptcy Rule 4003 sets out the procedure for claiming exemptions as well as the time for objecting to the exemptions claimed. Sections (a) and (b) of Rule 4003 provide:

> *(a) Claim of Exemptions.* A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007. If the debtor fails to claim exemptions or file the schedule within the time specified in Rule 1007, a dependent of the debtor may file the list within 30 days thereafter.

> *(b). Objections to Claim of Exemptions.* The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a), or the filing of any amendment to the list or supplemental schedule unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.

Fed.R.Bankr.P. 4003(a) and (b). The sole question in this case is when the 30–day period "after the conclusion of the meeting of creditors held pursuant to Rule 2003(a)" expired.[1] The difficulty in applying Rule 4003 arises from the fact that the Bankruptcy Code requires the United States Trustee (the "UST") to convene creditors meetings under Rule 2003(a) both when a chapter 11 case is filed and later when it is converted to chapter 7. Bankruptcy Code §§ 341, 348(b). Read literally, therefore, Rule 4003 permits two 30–day periods during which objections may be made to exemptions claimed by a debtor.

### Facts

The Debtor commenced this case on October 12, 1993, by filing a petition for reorganization under chapter 11 of the Bankruptcy Code. The creditors meeting was convened on November 16, 1993, at a hearing under the aegis of the UST. The Debtor and his attorney attended that meeting. The UST's representative stated on the record at the commencement of the hearing that "this meeting will be adjourned indefinitely, as is customary in all chapter 11 proceedings." The representative repeated this admonition at the end of that day's hearing. The Debtor did not object to the indefinite adjournment. The Debtor timely claimed exemptions in certain shares of stock, a checking account and in savings bonds. There was no objection to the claimed exemptions during the approximate six months that the case stayed in chapter 11.

On May 12, 1994, the case was converted to chapter 7 and the UST appointed the Trustee as interim trustee. On June 18, 1994, the Trustee conducted the required chapter 7 creditors meeting. On June 29, 1994, the Trustee filed an objection to the Debtor's claimed exemptions, well within the 30–day period specified in Rule 4003(b). Therefore, the Trustee's objection was timely if Rule 4003(b) affords the Trustee the right to object following conclusion of the creditors meeting in the converted chapter 7 or if there never was a deadline for objections arising out of the chapter 11 creditors meeting because that meeting was never concluded.

It is undisputed that the chapter 11 creditors meeting was never formally concluded and that the UST's representative stated

---

1. Rule 2003(a) provides in relevant part:
   In a chapter 7 liquidation or a chapter 11 reorganization case, the United States trustee shall call a meeting of creditors to be held no fewer than 20 and no more than 40 days after the order for relief.

forcefully and publicly at the November 16, 1993, meeting that the chapter 11 creditors meeting was adjourned indefinitely. The Debtor argues, however, that the UST had no right to adjourn that creditors meeting, that the meeting should be deemed to have been concluded on November 16, 1993, for purposes of Rule 4003(b), and that 30 days thereafter the Debtor's exemptions became absolute with no further right on the part of the Trustee in the converted chapter 7 proceeding to object.

This dispute was the subject of several hearings and the Trustee and the Debtor briefed their positions. The UST also filed a brief explaining his practice of continuing creditors meetings in chapter 11 cases. The Debtor was afforded the opportunity to respond to that brief but has not done so. The UST filed with his brief a transcript of the November 16, 1993, creditors meeting.

### The Conclusion of the Chapter 11 Creditors Meeting

■ Under section 341 of the Bankruptcy Code the UST is charged with the responsibility of convening and presiding at a meeting of creditors in a bankruptcy case. The UST argues convincingly that this mandate carries with it the right to adjourn creditors meetings. Rule 2003(e) confirms the UST's authority to adjourn a creditors meeting. It provides:

> The meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice.

Fed.R.Bankr.P. 2003(e). Some question has been raised as to whether this language limits the UST to adjournments to a specific date announced at the meeting. This reading seems unduly constrictive. The more natural meaning of the language is that if the date and time of an adjournment are announced at the meeting, no written notice need be given. See In re Vance, 120 B.R. 181, 185 (Bankr.N.D.Okla.1990); In re Levitt, 137 B.R. 881, 883 (Bankr.D.Mass.1992). Moreover, an interpretation which limited adjournments to a specific future date would not necessarily avoid the potential for abuse by the UST or enhance the debtor's rights.

The UST could presumably continue a creditors meeting indefinitely simply by periodic adjournments to later dates. Therefore, the Court interprets the Debtor's position to be that the UST must conclude a creditors meeting unless he has a specific reason not to adjourn it, which he announces at the meeting.

The Debtor, in effect, requests the Court to conclude that the UST's general procedure in conducting chapter 11 creditors meetings is unreasonable per se. One bankruptcy court reached this conclusion in the context of a chapter 7 creditors meeting. In re Levitt, supra. In that case the chapter 7 trustee continued the creditors meeting indefinitely. The court found that the trustee's purpose was simply to postpone concluding the meeting until he had an opportunity to investigate matters further. The court interpreted Rules 4003(b) and 2003(e) to require prompt conclusion of the chapter 7 creditors meeting so that "debtors can get on with their lives" and trustees "can know which assets are theirs to administer." 137 B.R. at 883 n. 1.

The UST argues, however, that the pace as well as the objectives of chapter 7 liquidations are markedly different from those of chapter 11 reorganizations. In liquidations the debtor is usually discharged promptly; exemption questions are clearly and directly relevant to case administration since they will determine the size of the estate distributable to creditors. In chapter 11 reorganizations, on the other hand, the debtor usually needs time to develop and negotiate a plan with creditors. Exemptions are relevant only to the question of whether the plan meets the best interest of creditors test at the confirmation hearing. Reorganization cases are typically more complex and involve more constituencies. Therefore the UST argues that his policy of indefinite adjournment is reasonable in chapter 11 cases.

In re Vance, 120 B.R. 181 (Bankr. N.D.Okla.1990), contains a lengthy and informative discussion of the constraints on the UST's discretion in adjourning section 341 meetings in chapter 11 cases. In that case also the UST apparently had a policy of continuing creditors meetings indefinitely.

At the first meeting the debtor requested that the meeting be concluded and when the UST refused to do so requested the court to compel the UST to conclude the meeting. The UST offered no reason for not concluding the meeting in *Vance* but asserted, in effect, that he had the arbitrary right to continue the meeting as long as he chose. The *Vance* court held that the UST's discretion, though broad, was not unfettered and that its actions in *Vance* were unreasonable.

In this case, however, the Debtor never requested the UST to conclude the creditors meeting. Therefore we have no basis to determine what the UST's response would have been had the Debtor made such a request or whether there might have been some reason to continue the creditors meeting rather than conclude it.

This Court agrees that the Bankruptcy Code affords the UST substantial discretion in his conduct of creditors meetings. The Court also agrees that had the Debtor requested that the meeting be concluded within a reasonable time, and the UST arbitrarily refused, the Court could and should conclude the meeting. Here, however, no such request was made by the Debtor. Therefore the Court has no basis on which to decide whether the UST's failure to conclude the chapter 11 creditors meeting was reasonable or otherwise.

■ The UST has presented reasonable arguments in support of his general procedure in chapter 11. The Court sees no basis on this record to hold those procedures *per se* unreasonable and an abuse of the UST's discretion. Contrary to the Debtor's argument the chapter 11 creditors meeting was not concluded on November 16, 1993, or prior to the conversion of this case to chapter 7. But even if this conclusion were wrong, the convening of the chapter 7 creditors meeting commenced another 30–day period during which the Trustee could and did object to the Debtor's claimed exemptions.

### Objections To Exemptions
### in the Converted Case

The Debtor cited only two cases in support of his position. Neither case, however, provides much support for his argument. *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), stands only for the proposition that the trustee must object within the appropriate 30–day period. It does not purport to determine whether that period should follow conclusion of the chapter 11 creditors meeting or the conclusion of the chapter 7 creditors meeting where, as here, the case is converted. Similarly, *In re Williamson,* 804 F.2d 1355 (5th Cir.1986), establishes only that the debtor's exemptions are to be determined upon the filing of his petition where the case is later converted. Like *Taylor v. Freeland & Kronz, Williamson* is consistent with finding that conversion to chapter 7 creates a new 30–day period in which to object to exemptions.

The few cases which have actually decided the issue are split. The UST cited three cases which hold that conversion does provide a new objection period: *In re Leydet,* 150 B.R. 641 (Bankr.E.D.Va.1993) and *In re Bergen,* 163 B.R. 377 (Bankr.M.D.Fla.1994) (chapter 11 to chapter 7); and *In re Jenkins,* 162 B.R. 579 (Bankr.M.D.Fla.1993) (chapter 13 to chapter 7); and one case that holds that it does not: *In re Halbert,* 146 B.R. 185 (Bankr.W.D.Tex.1992) (chapter 11 to chapter 7).

Nothing in the language of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure compels the choice of one result or the other. As noted previously, Rule 4003(b) provides in relevant part:

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a)....

Fed.R.Bankr.P. 4003(b). Rule 1019(2) provides some support for the argument that conversion does not provide a new period for objection. That Rule provides:

> *New Filing Periods.* A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rules 3002, 4004, or 4007, provided that a new time period shall not commence if a chapter 7

**924**

case had been converted to a chapter 11, 12, or 13 case and thereafter reconverted to a chapter 7 case and the time for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, expired in the original chapter 7 case.

Fed.R.Bankr.P. 1019(2). Rule 1019(2) provides specifically for some new filing periods after conversion of the case to chapter 7. It does not provide a new filing period for objecting to the debtor's exemptions. But this omission is not compelling. This Court has been cited to no Advisory Committee Note on point nor has it found any. For all that appears the draftsmen of Rule 1019(2) might well have concluded that the language of Rule 4003(b) was sufficiently clear to assure that the trustee could object to claims following the conclusion of the chapter 7 creditors meeting after the case had been converted.

Certainly the realities of bankruptcy administration militate in favor of finding a new objection period after a case is converted to chapter 7. Otherwise, the chapter 7 trustee will have no opportunity to object to claims. That job will necessarily be left to chapter 11 creditors who are likely to have neither the interest nor expertise to do so. As noted previously, the chapter 11 process is focused on the debtor's development of a plan of reorganization in which exemptions usually play a minor role. On the other hand, the chapter 7 trustee is charged with the responsibility to review exemptions. In light of *Taylor v. Freeland & Kronz, supra,* which precluded collateral attack after the 30–day bar date on exemptions claimed in bad faith, it is important that the chapter 7 trustee have the right to object to exemptions after the case is converted.

The Debtor has not shown that affording the Trustee this right impinges unfairly on any interest of a debtor. Many chapter 11 cases wind up converted to chapter 7. Therefore debtors entering chapter 11 can reasonably expect that conversion to chapter 7, and objection by the trustee to claimed exemptions, may reasonably occur. Where, as here, the debtor has voluntarily converted his case, he has less reason to complain of this result. A contrary holding would increase the potential for abuse by encouraging debtors to increase their exemptions simply by filing chapter 11 and converting to chapter 7 after the 30–day period ran. In any event, the prospect of some inconvenience to the debtor in this regard is greatly outweighed by enhancing the integrity of the bankruptcy system and the interests of creditors in affording the chapter 7 trustee the opportunity to object to exemptions.

The Court's order in conformity with this opinion is attached.

### ORDER

A memorandum of opinion having been issued on the Trustee's objection to the debtor's claim of exemptions and responses filed by the debtor and the United States Trustee,

IT IS ORDERED, ADJUDGED, AND DECREED that the Trustee's objection be, and it hereby is, sustained.