**In re Sam DiGREGORIO, Debtor.**

**Bankruptcy No. 94 B 23482.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Oct. 11, 1995.

Joel A. Schechter, Grossman, Mitzenmacher & Schechter, Chicago, IL, for Debtor.

Stephen T. Bobo, D'Ancona & Pflaum, Chicago, IL, for Trustee.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the Court on the Motion of Phillip Levey, Trustee ("Trustee"), To Extend Time For Filing Objections To Exemptions. On November 25, 1994, the Debtor, Sam DiGregorio ("Debtor"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code (Title 11 U.S.C., "Code"). The docket reflects that on December 12, 1994, the Debtor filed Schedules A through J with the Court. The Chapter 11 creditors' meeting (as required by 11 U.S.C. § 341, "meeting") was held on January 10, 1995, and adjourned generally.[1] The adjournment was due to the absence of Debtor's Schedules C, I, and J.[2] On January 24, 1995, Mr. DiGregorio filed his Schedule C, along with other amended schedules, claiming as exempt property an IRA account and the cash surrender value of a life insurance policy. On June 7, 1995, the Debtor's bankruptcy was converted to a Chapter 7 proceeding. A new meeting was held on July 24, 1995, which also adjourned without conclusion.

On August 23, 1995, the Trustee moved for an extension of time to object to the Debtor's claimed exemptions, pursuant to Bankruptcy Rule 4003(b). On October 10, 1995, that objection was filed. The Debtor objected to the motion for an extension of time, asserting that the exemption objection period expired 30 days after general adjournment of the Chapter 11 creditors' meeting. Both parties agreed, however, that if this Court were to find that the Chapter 11 creditors' meeting had not concluded, then the motion is timely in the Chapter 7 proceeding.

This Court finds that neither the Code nor the Bankruptcy Rules ("Rules") authorize the U.S. Trustee to generally adjourn creditors' meetings, or define when meetings so adjourned are concluded.

The Court has jurisdiction to hear this matter under 28 U.S.C. § 1334, and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## I. THE INTERPLAY BETWEEN BANKRUPTCY RULES 4003 AND 2003

The issue of when the 30–day exemption objection period commences involves Bankruptcy Rules 2003 and 4003. Section 341(a) of the Code requires that a meeting of creditors be held after filing of the bankruptcy petition,[3] and Rule 2003 details general guidelines for how the meeting is to be conducted.

Rule 4003(b) defines the time period within which creditors may object to exemptions claimed by the debtor. It states, in pertinent part, "[t]he Trustee or any creditor may file objections to the list of property claimed as exempt within 30–days after conclusion of the meeting of creditors held pursuant to rule 2003(a) ..." Fed.R.Bankr. 4003(b) (emphasis added).

Rule 2003 provides for when and where the meeting should be held, conduct of and voting at the meeting, recording of the meeting and subsequent reporting to the court, adjournments to date certain, and the calling of special and final meetings. The only ref-

---

1. The attorney representing the U.S. Trustee's Office, Mr. Desmond, stated at the meeting, "I'm not going to conclude the meeting, I'm not going to set another date, but I'm going to continue this generally until I get the other schedules so I'm preserving my right if I have to ask Sam more questions.... Plus I don't want the time running until I have a chance to look at the exemptions being claimed by Mr. DiGregorio.... I'm going to go ahead and adjourn the meeting. I am going to continue it generally, I'm not concluding it."

2. Mr. Desmond also stated at the meeting, "For the record, I'm missing schedules C, which are the Debtor's exemptions, and schedules I and J, which are the Debtor's income and expenses, the summary of income and expense. Because I don't have those schedules, I guess I want to make sure that I'm reserving the rights of anyone to review schedule C."

3. "Within a reasonable time after the order for relief in a case under this title, the United States Trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341(a) (1993 & Supp. 1995).

erence to continued meetings is found in Rule 2003(e), which provides "[t]he meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." Fed.R.Bankr. 2003(e). Nowhere, however, does the Rule define conclusion of the creditors' meeting. In light of the Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), that untimely objections are waived, the determination of commencement of the limitation period for filing objections is crucial.

## II. CREDITORS' MEETINGS UNDER THE BANKRUPTCY ACT

Under the Act, limits on the ability of the Trustee to generally adjourn creditors' meetings were never an issue vis-a-vis the exemption objection period, since this period was not dependent upon conclusion of the meeting. Rather, under former Bankruptcy Rule 403(b), which governed the time period for making objections to exemptions under the Act, the Trustee was required to make objections within fifteen days after receiving notice of his appointment, unless further time was granted by the court. Former Fed. R.Bankr. 403(b).

Under § 55, which governed creditor meetings under the Act, meetings were adjourned generally throughout the case, with interim meetings being commenced whenever the Trustee had adjourned the meeting to a certain date,[4] or a prescribed number of creditors in amount and claims requested a "special meeting."[5] A final meeting of the creditors was required by the Act "whenever the affairs of the estate [were] ready to be closed."[6] Consequently, the main adjournment issue to arise under the Act focused on termination of the general adjournment, and when the affairs of the estate were ready to

be concluded.[7] In contrast, under current Code practice, creditors' meetings are expected to conclude well before termination of the bankruptcy proceeding, and after examination of the debtor is finished. Consequently, since the mechanics of creditors' meetings differ substantially between the Bankruptcy Code and Act, practice under the Act is not helpful in extrapolating the proper treatment of general adjournments under the Code.

## III. CURRENT LAW AND APPLICATION

In determining whether the exemption objection period has expired, the Debtor urges the Court to adopt the "30–day rule" promulgated in *In re Levitt*, 137 B.R. 881 (Bankr. D.Mass.1992). This bright line rule provides that when a trustee continues the meeting of creditors generally, and "fails to announce an adjourned date and time within 30 days of the date on which the meeting of creditors was last held, the meeting will be deemed to have concluded on the last meeting date." *Id.* at 883. Thus, the 30–day limitation period for objections commences on the date the meeting was generally adjourned.

However, the "30–day rule" has not been followed in subsequent case law, and *Levitt* exists as the only reported case to have adopted its approach. On the contrary, courts have rejected and criticized the "30–day rule" when confronted with the issue of the relevant exemption objection period following general adjournments of creditors' meetings. See *In re Havanec*, 175 B.R. 920, 923 (Bankr.N.D.Ohio 1994) (reasoning that the rule's objective of finalizing claimed exemptions within a certain and limited period of time is of limited importance in Chapter 11 reorganizations), and *Petit v. Fessenden*, 182 B.R. 59, 63 n. 4 (D.Me.1995) (noting that a rigid "30–day rule" is undesirable since "cases are imaginable in which the trustee's

---

4. 3 James W. Moore et al., Collier on Bankruptcy para. 55.03 (14th ed. 1976).

5. Act of July 1, 1898 [Bankruptcy Act], ch. 541, § 55(d), 30 Stat. 544, *repealed by* Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq.* (1993 & Supp.1995).

6. Act of July 1, 1898 [Bankruptcy Act] § 55(e).

7. *See* 3 James W. Moore et al., Collier on Bankruptcy para 55.07 n. 1 (14th ed. 1976).

delay beyond 30 days [in announcing a future creditor's meeting] is not, in all circumstances, unreasonable or caused by any improper motive on the trustee's part").

The issue remains, therefore, as to the effect of general adjournments of creditors' meetings on commencement of the exemption objection period under Rule 4003(b).

This Court disagrees with the *Levitt* Court's determination that the limitation period is triggered by a general adjournment. *In re Levitt*, 137 B.R. at 883. We also disagree with the courts in *In re Havanec*, 175 B.R. 920 (Bankr.N.D.Ohio 1994), and *Petit v. Fessenden*, 182 B.R. 59 (D.Me.1995), which find implicit authorization for general adjournments in Rule 2003(e), and construe its language as a notice waiver provision. *In re Havanec*, 175 B.R. at 922; *Petit v. Fessenden*, 182 B.R. at 61–62.

 There is no authority in either the Code or Rules for the U.S. Trustee to adjourn § 341 meetings generally. One need only look to the provisions of Rule 2003 itself. While Rule 2003(e) provides for adjournments to future dates certain, conspicuously absent is any provision authorizing the Trustee to adjourn the meetings generally.[8] Consequently, we believe the practice to be unauthorized and inappropriate.

However, the U.S. Trustee's Office does, in fact, adjourn § 341 meetings generally, and consistent with the Rules' silence on authorization of the practice, nowhere does it mention when the meeting is to be concluded under such a scenario. In the absence of a defined conclusion date, the creditors' meeting can continue indefinitely, and thus prevent commencement of the exemption objection period under Rule 4003(b).

Since the debtor has the greatest interest in concluding the meeting so as to trigger the 30–day objection period, this Court deems it appropriate to place the burden on the debtor to move for a court order concluding the § 341 meeting.[9] In reviewing the motion, the Court adopts no per se rule as to the reasonableness of adjourning creditors' meetings generally. *See Petit v. Fessenden*, 182 B.R. at 63 n. 4. These motions will be considered on a case-by-case basis. Action will only be taken if the debtor has objected to the continuance, and the adjournment is found to be "arbitrary, capricious, or an abuse of discretion." *In re Vance*, 120 B.R. at 196.

In the instant matter, since the Debtor never objected to the general adjournment, and did not file a motion requesting the Court to conclude the meeting, it remains continued. Consequently, the Chapter 7 Trustee's 30–day time period for objecting to the Debtor's claimed exemptions has not yet expired under Rule 4003(b).

## IV. CONCLUSION

The Objection of the Trustee to Exemptions claimed by Debtor filed on October 10, 1995, is timely under Bankruptcy Rule 4003(b).

---

8. "The meeting may be adjourned from time to time **by announcement at the meeting of the adjourned date and time** without further written notice." Fed.R.Bankr. 2003(e) (emphasis added).

9. The Court has authority to issue such an order. *See In re Vance*, 120 B.R. 181, 185 (Bankr. N.D.Okla.1990) (stating "when the [U.S. Trustee] acts as an administrative arm of bankruptcy according to its own statutory powers, e.g. ... scheduling and conducting meetings of creditors ... (or failing or delaying to do such things), some other party in interest may ask the Court to intervene and undo the action (or end the inaction) of the [U.S. Trustee]").