**In re Thomas E. FLYNN, Debtor.**

**No. 96–10992–WCH.**

United States Bankruptcy Court,
D. Massachusetts.

Sept. 26, 1996.

Peter L. Zimmerman, Richard L. Blumenthal, Silverman & Kudisch, P.C., Boston, MA, for Benxi Alloy Plant Import and Export Corp.

Michael B. Feinman, Andover, MA, for debtor.

## MEMORANDUM DECISION ON CREDITOR'S OBJECTION OF CLAIM OF EXEMPTIONS

WILLIAM C. HILLMAN, Bankruptcy Judge.

Thomas E. Flynn ("Debtor") filed his voluntary petition under Chapter 7 on February 13, 1995. In Schedule A to the petition he indicated his ownership of a one-half interest in real estate described as "2001 Marina Dr. # 215W, So. Quincy" (the "Property"). He valued the Property at $109,000 and stated that it was encumbered by a secured claim in the amount of $93,000. In Schedule D he indicated that, in addition to the mortgage, the Property was encumbered by an attachment in favor of Benxi Alloy Plant Import ("Benxi") in the amount of $257,000. Debtor stated that the attachment had no value.

In Schedule B–4 Debtor claimed a $10,500 exemption for the Property under 11 U.S.C. § 522(d)(1) which provides that:

"(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $15,000 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor."

Jillian K. Aylward was appointed as trustee (the "Trustee"). The first meeting of creditors required by 11 U.S.C. § 341(a) was scheduled for and commenced on March 12, 1996.

On March 21 the Trustee filed her "Motion to Extend Time to Object to Debtor's Exemptions and Discharge." She asserted that additional time was required to review materials regarding the Debtor's claimed exemptions and his right to a discharge; that the current deadline for objecting to discharge was May 13, 1996; that the § 341(a) meeting had been continued generally; and

"The Trustee hereby requests a 60–day extension, until July 12, 1996, in which to object to the Debtor's exemption and to discharge."

No objection was filed and the motion was granted on April 3, 1996.

On July 9, 1996, the Trustee and the Debtor filed a joint motion "to further extend the time in which the Trustee may file an objec-

tion to the Debtor's claim of exemptions and discharge to September 10, 1996." No objection was filed and the motion was granted on July 16, 1996.

The Trustee did not file an objection to Debtor's claim of exemptions or a complaint objecting to his discharge during the extended period. However, on July 11, 1996, Benxi filed an objection to the claim of exemption as discussed below.

## I.

Preliminarily, the Debtor disputes the right of Benxi to object beyond the initial period permitted by Fed.R.Bankr.P. 4003(b), as it was the Trustee, and not Benxi, who had requested the extension. This contention brings us to the murky issue of time limits on objections to claims of exemptions.

The last cited rule provides that

"The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a), or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court."

In *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the mandatory nature of the time limit was at issue. The debtor had claimed an exemption in the proceeds of litigation which, all conceded, was without merit. The litigation was set forth in Schedule B–4. The trustee did not file an objection to the exemption within the thirty day period. The Supreme Court held that even a meritless claim of exemption will be upheld if no timely objection is filed.[1]

Neither *Taylor* nor the lower court decisions in that case[2] indicate whether the § 341(a) meeting was continued rather than concluded on the date that it was held. Based upon the silence of the courts in that regard, I infer that the meeting had been concluded.

As a result of the *Taylor* decision, it has become commonplace for trustees not to conclude the meeting, but to continue it generally. This is based upon an interpretation of the rule's provision which terminates the objection period "30 days after the *conclusion* of the meeting of creditors." Under this theory, as applied to the present case, it was not essential for the trustee, or any creditor, to seek an extension of the objection period. It never expired.

■ There is a precursory issue which must be addressed before reaching a discussion of that hypothesis: Is there any right to continue a § 341(a) meeting *generally.*

Rule 2003(e) provides that

"The meeting *may* be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." (emphasis added)

■ The Bankruptcy Code does not define "may" but defines "may not" as "prohibitive, and not permissive." 11 U.S.C. § 102(4). That definition applies in the interpretation of the Rules of Bankruptcy Procedure. Fed. R.Bankr.P. 9001. The scant authority available agrees that "may" in Rule 2003(e) is permissive and not mandatory. *In re Levitt,* 137 B.R. 881 (Bankr.D.Mass.1992). *See also In re DiGregorio,* 187 B.R. 273, 275 (Bankr. N.D.Ill.1995). This is consistent with the decisions under other sections of the Bankruptcy Code. *In re Dow Corning Corp.,* 194 B.R. 121, 142 (Bankr.E.D.Mich.1996) (involving § 1102(a)); *In re Michelex Limited,* 195 B.R. 993 (Bankr.W.D.Mich.1996) (involving § 702(a)(1)). I concur and agree that it is permissible to continue § 341(a) meetings generally.

Having reached that conclusion, the effect of a general continuance must be considered. In the three cases which have addressed the

---

**1.** The First Circuit Court of Appeals has limited the reach of *Taylor* to cases where the property of the estate in which the exemption is claimed is "plainly listed" in the schedule. *Mercer v. Monzack,* 53 F.3d 1 (1st Cir.1995). The Property was plainly listed in the present case.

**2.** *Taylor v. Freeland & Kronz,* 938 F.2d 420 (3d Cir.1991); *Taylor v. Freeland & Kronz (In re Davis),* 118 B.R. 272 (W.D.Pa.1990); *Taylor v. Freeland & Kronz,* 105 B.R. 288 (Bankr.W.D.Pa. 1989).

point, three different interpretations were announced.

Judge Kenner decided *Levitt, supra,* about a month prior to the Supreme Court's decision in *Taylor.* The facts in *Levitt* were similar to those of the present case; that is, the meeting of creditors had been continued generally and the trustee's objection to the exemption was filed more than thirty days after (in fact, fifteen months after) the date on which the initial portion of the meeting was held. Judge Kenner held that

> "where the trustee fails to announce an adjourned date and time within thirty days of the date on which the meeting of creditors was last held, the meeting will be deemed to have concluded on the last meeting date."

*Id.* at 883.

District Judge Carter preferred instead a determination of whether the objector had timely filed based upon whether the time of filing was "not unreasonable under the circumstances presented." *Petit v. Fessenden,* 182 B.R. 59, 63 (D.Me.1995).[3]

Judge Katz took a passive approach. He held that "the creditors' meeting can continue indefinitely, and thus prevent commencement of the exemption objection period." *DiGregorio, supra.* He suggested that the debtor could end the continuance period by moving for a court order concluding the meeting. *DiGregorio* at 276.

I question my authority to impose a bright line approach as in *Levitt.* I would be imposing a precise deadline where none appears in either the statute or the rules. I am also uncomfortable with the uncertainty which is created by the *Petit* approach. An objector would never know whether the objection was barred as untimely until the court had investigated the circumstances of the case. A finding of "not unreasonable under the circumstances" would be a condition precedent to sustaining the objection. That would re-

quire at least an offer of proof even if the debtor does not dispute the objection.

I endorse Judge Katz' interpretation and hold that the meeting is not concluded until the trustee so declares or the court so orders.[4]

 Benxi's objection was filed within four months of the date on which the meeting was continued generally. The § 341(a) meeting was never concluded and hence the objection was timely filed. As a result, I need not consider whether Benxi can benefit from the extensions sought and obtained by the Trustee.

## II.

Benxi's objection to the claim of objection is best stated by direct quotation:

> "1. Debtor, in his Schedules, claims not to have a real property interest in the Quincy Condominium [*i.e.,* the Property], but alleges that he owns a 50% beneficial ownership of a trust which holds legal title to the Quincy Condominium and the parking space. The debtor did not claim as exempt his interest in the parking space.
>
> "2. As the Debtor has a beneficial interest in the trust, it is a personal property interest and not a real property interest.
>
> "3. As such, the greatest amount that the debtor may claim as exempt in his beneficial ownership of the [Property] is a personal property interest in the amount of $8,300."

I have most carefully reviewed the Debtor's schedules and the single amendment thereto and find that Debtor's description of the Property is as related in the first paragraph of this decision and not as described by Benxi. While the Debtor does state that he owns interests in various trusts, there is no relationship indicated between those trusts and the Property. I did not find a parking space listed in the schedules.

---

3. *Petit* was affirmed on appeal, 80 F.3d 29 (1st Cir.1996), but on another ground.

4. I do, however, leave open my determination as to his further proposal that such a motion should be granted "only if the debtor has objected to the continuance and the adjournment is found to be arbitrary, capricious or an abuse of discretion," *id.,* as it is not necessary to reach that issue under the circumstances of this case.

Given this, it should be a simple matter to look puzzled and then overrule the objection. But the Debtor did not deny a single one of the quoted allegations in his response to the objection.[5] I will take the response as an admission that the facts as stated in the objection—that Debtor's interest in the Property is as beneficiary of a trust—are admitted and proceed from that point.

An exemption may be claimed only in property of the estate. 11 U.S.C. § 522(b). What constitutes property of the estate is a federal question to be resolved under § 541 but recognizes "the traditional role of the states in creating and defining the underlying property interests and commercial arrangements to which bankruptcy law applies." *Selby v. Ford Motor Co.,* 590 F.2d 642, 646 (6th Cir.1979). The nature and extent of the debtor's interest is determined by reference to nonbankruptcy law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

The text of 11 U.S.C. § 522(d)(1) as relevant here permits the exemption of "the debtor's aggregate interest, not to exceed $15,000 in value, in real property *or personal property that the debtor … uses as a residence….*" (emphasis added).

The parties have not directed me to, and my independent research has not located, any authority from bankruptcy courts regarding the ability of the beneficiary of a trust to claim an exemption because of the debtor's use of the trust's property as a residence. In a case involved a partnership, rather than a trust, the exemption has been denied because as a matter of state law a debtor/partner "merely possesses an inseparable interest in the partnership with no individual rights of possession in specific partnership property." *In re Russell,* 80 B.R. 662 (Bankr.D.Vt.1987). *See also Appleton v. Gagnon (In re Gagnon),* 26 B.R. 926 (Bankr.M.D.Pa.1983) (summary judgment denied because of factual issue regarding dissolution of partnership).

But the partnership example may not be a true parallel. Assuming that the trust which holds title to the Property is a nominee trust, Judge Feeney's decision, *In re Eastmare Development Corp.,* 150 B.R. 495 (Bankr. D.Mass.1993), may provide a better analysis. My problem is that I have insufficient information upon which to make an informed judgment. As noted in the discussion above, there is actually nothing in the record, other than the allegations contained in Benxi's objection, which provides any information about the nature of the ownership of the Property or the characteristics of the trust which holds the title. That information may affect my decision.

As I result, I will require evidence regarding the record ownership of the Property, the trust documents, the names and relationships of the grantor and the beneficiaries, and perhaps other related matters. To obtain that evidence, I will schedule an evidentiary hearing in the near future.

---

5. The response does not address the allegations of the objection paragraph by paragraph.