221 F.3d 1101 (9th Cir. 2000)
 In re: JOHN DOUGLAS SMITH, Debtor.
JOHN DOUGLAS SMITH, Appellant,
v.
PETER KENNEDY; ARMAND BOUZAGLOU; KIRIT GALA; CARY PRESENT; JOHN SEVILLA; CHARLES WISEMAN; PETER ANDERSON, Peter Anderson, Trustee, Appellees.
 No. 98-56795
 U.S. Court of Appeals for the Ninth Circuit
 Argued and Submitted April 3, 2000
Filed August 8, 2000
 
 Richard M. Moneymaker, Los Angeles, California, for the appellant.
 Steven P. Byrne, Arcadia, California, for Peter Kennedy, et al., creditors-appellees.
 Helen Ryan Frazier, Atkinson, Andelson, Loya, Ruud & Romo, Cerritos, California, for Peter Anderson, trustee-appellee.
 Appeal from the United States District Court for the Central District of California
 Before: Stephen Reinhardt and Diarmuid F. O'Scannlain, Circuit Judges, and William W Schwarzer,[1] District Judge.
 O'SCANNLAIN, Circuit Judge:
 
 
 1
 We must decide whether objections filed following adjournment of the bankruptcy creditors' meeting "until further notice" were timely.
 
 
 2
 * This appeal arises out of the bankruptcy of John Douglas Smith ("Smith"), a physician who is one of the two co-founders of Wilshire Oncology Medical Group Inc. ("Wilshire"). On November 6, 1992, the objecting creditors ("Appellees") filed an action against Wilshire in state court for abuse of pension funds, breach of fiduciary duty, employee lockouts, and self-dealing. On August 4, 1995, Appellees obtained a jury verdict for more than $4 million.
 
 
 3
 Smith filed for Chapter 11 bankruptcy on August 7, 1995. On August 9, 1995, the bankruptcy court granted Appellees leave to prosecute their case to completion and they obtained a corrected judgment for $5.5 million on September 9, 1995. That state court action remains on appeal.
 
 
 4
 In his bankruptcy, Smith timely filed exemptions for various assets, including his limited partnership interest in Bellwood Limited Partnership ("Bellwood"). The assets in Bellwood consist of three real estate properties that were purchased by Smith and his wife during the period from 1975 through 1981. Smith contends that these investments were held exclusively for retirement purposes. On November 7, 1994, Smith and his wife transferred these properties to Bellwood in exchange for 100% ownership of Bellwood. Smith indicates that he transferred the properties to Bellwood for tax and estate planning reasons. In this bankruptcy, Smith claimed that Bellwood is a "private retirement plan" under California law and is therefore exempt from the bankruptcy estate.
 
 
 5
 Under the Bankruptcy Code and Rules, a claimant must object to a debtor's claimed exemptions within thirty days after the conclusion of the creditors' meeting held under Bankruptcy Code S 341. The creditors' meeting in Smith's bankruptcy was initially held on September 8, 1995. The meeting was continued to September 22 and then to October 27, 1995. At this October 27 hearing, after questioning Smith about these omissions, the trustee adjourned the meeting "until further notice."
 
 
 6
 Appellees filed their objections to Smith's exceptions on June 19, 1996. Among these was an objection to the exemption of Bellwood from the bankruptcy estate. Smith filed a motion to dismiss these objections on the ground that they were not timely filed, which the bankruptcy court denied. The bankruptcy court also sustained Appellees' objection to Smith's exemption of Bellwood.
 
 
 7
 On November 12, 1996, Smith appealed the bankruptcy court's order. On February 13, 1998, the district court entered its order denying Smith's appeal on the ground that it was moot in light of Smith's conversion of his Chapter 11 bankruptcy to a Chapter 7 bankruptcy on April 23, 1997.
 
 
 8
 Upon conversion from Chapter 11 to Chapter 7, Bankruptcy Code S 341(a) requires that a new creditors' meeting be held. The S 341(a) creditors' meeting for Smith's Chapter 7 bankruptcy was held on June 9, 1997. The trustee continued the creditors' meeting until July 7, 1997 and again until August 4, 1997. The appellees filed supplemental objections in July of 1997, and the Trustee objected to Smith's exemptions on August 12, 1997. Both sets of objections were filed within thirty days of the continued creditors' meeting. On September 15, 1997, the bankruptcy court entered its order sustaining the objections to Smith's exemptions. On September 8, 1998, the district court affirmed the order of the bankruptcy court, Smith v. Kennedy, No. CV-97-7173 (C.D. Cal. Sep. 3, 1998).
 
 
 9
 Smith filed a timely appeal.
 
 II
 
 10
 We review the district court's decision on an appeal from a bankruptcy court de novo. See Richmond v. United States, 172 F.3d 1099, 1101 (9th Cir. 1999). Thus, we apply the same standard of review that the district court applied. See In re Chang, 163 F.3d 1138, 1140 (9th Cir. 1998). We review the bankruptcy court's findings for clear error and its conclusions of law de novo. See In re Filtercorp, Inc., 163 F.3d 570, 576 (9th Cir. 1998).
 
 III
 
 11
 Section 522(l) of the Bankruptcy Code states the procedure for claiming exemptions and objecting to claimed exemptions: "The debtor shall file a list of property that the debtor claims as exempt . . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. S 522(l). Federal Rule of Bankruptcy Procedure 4003(b) specifies that "[t]he trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of the creditors held pursuant to Rule 2003(a) . . . unless, within such period, further time is granted by the court." Fed. Rule Bkrtcy. Proc. 4003(b). After thirty days, a creditor or trustee "cannot contest the exemption at this time whether or not [ ][there is] a colorable statutory basis for claiming it." Taylor v. Freeland & Kronz, 503 U.S. 638, 643--44 (1992). If a meeting of creditors is adjourned, however, the thirty-day period for objections does not begin to run.
 
 
 12
 According to Federal Rule Bankruptcy Procedure 2003(e), "[t]he meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further notice." Fed. Rule Bkrtcy. Proc. 2003(e) (emphasis added). Smith argues that the meeting of creditors was concluded rather than adjourned on October 27, 1995, because the trustee adjourned the meeting until further notice without specifying a new meeting date. He contends, consequently, that the property should be exempt as the objections did not occur until seven months later.
 
 
 13
 Smith's contention is not persuasive. In In re Bernard, 40 F.3d 1028 (9th Cir. 1994), we stated that a trustee "has broad discretion whether to adjourn or conclude the meeting," which depends on the degree to which the debtor has furnished satisfactory information relating to the bankruptcy. Id. at 1031 n.4. "The scant available authority agrees that `may' in Rule 2003(e) is permissive and not mandatory. " In re Flynn, 200 B.R. 481, 483 (Bankr. D. Mass. 1996); see also In re DiGregorio, 187 B.R. 273, 275 (Bankr. N.D. Ill. 1995); In re Havanec, 175 B.R. 920, 922 (Bankr. N.D. Ohio 1994) (finding that limiting adjournments to a specific date is "unduly constrictive"). The meeting is not concluded until the trustee so declares or the court so orders. See In re Flynn, 200 B.R. at 484; In re DiGregorio, 187 B.R. at 276. But see In re Levitt, 137 B.R. 881, 883 (Bankr. D. Mass. 1992) ("[W]here the trustee fails to announce an adjourned date and time within thirty days of the date on which the meeting of creditors was last held, the meeting will be deemed to have concluded on the last meeting date."). We decline to follow Levitt in favor of the more recent pronouncements in Flynn, DiGregorio, and Havanec. We hold that an adjournment of a S 341(a) hearing does not conclude the hearing merely due to the absence of a future specified date.
 
 
 14
 Adjournments "until further notice" are permissible for two reasons. First, "[s]ince the debtor has the greatest interest in concluding the meeting so as to trigger the 30-day objection period, this Court deems it appropriate to place the burden on the debtor to move for a court order concluding the S 341 meeting." In re DiGregorio, 187 B.R. at 276; see also In re Bernard, 40 F.3d at 1031 n.4. Second, a court allowing an adjournment until an unspecified date retains control and may cut off the time for objections in the case of unreasonable delay. See In re Flynn, 200 B.R. at 484.
 
 
 15
 Yet, the permissibility of such adjournments does not mean that they are to be commended or that the bankruptcy court should allow them in all cases. Often, a trustee can easily adjourn the meeting to a time certain, as provided in Rule 2003(e). A case-by-case analysis is appropriate. Trustees cannot keep these meetings open indefinitely without "legitimate grounds for believing that further investigation will prove fruitful." In re Bernard, 40 F.3d at 1031 n.4.
 
 
 16
 28 U.S.C. S 586 may commit to UST discretion[to choose] among otherwise available means; but it does not give the UST "discretion" to use any means she fancies in any way she pleases. No part of 28 U.S.C. S 586 authorizes the UST to act in an otherwise unlawful or abusive manner and excuse herself by pleading "discretion."
 
 
 17
 In re Vance, 120 B.R. 181, 194 (Bankr. N.D. Okla 1990).
 
 
 18
 In this case, an adjournment "until further notice" was appropriate. As the district court stated, [a]t the end of the October 27, 1995 creditors' meeting, several issues were left open for later resolution. Further, Smith represented that he would amend his schedules to correct errors and omissions. At the conclusion of the meeting, the trustee stated "this 341(a) hearing in John Douglas Smith is hereby adjourned until further notice." Given the context, the Court finds that the trustee's initial decision to leave the date of the next meeting open until the requested information was available was both clearly stated and reasonable.
 
 
 19
 Smith v. Kennedy, No. CV 97-7173 at 10. There is no indication that Smith objected to the length of the continuance, and he did not move to conclude the S 341(a) hearing. Additionally, on appeal, Smith has not attempted to rebut the district court's factual findings. Thus, we agree with the district court that the Trustee did not err by granting an adjournment to an unspecified date and that the thirty-day objections period had not yet begun to run.[2]
 
 IV
 
 20
 Next, we must evaluate Smith's substantive argument that his Bellwood holdings constitute a "private retirement plan" under California law. Pursuant to 11 U.S.C.S 522(b), a debtor may exempt from the bankruptcy estate any assets that are exempted under the law of the debtor's state. 11 U.S.C. S 522(b)(2)(A); see In re MacIntyre, 74 F.3d 186, 187 (9th Cir. 1996). California law provides for the exemption of "private retirement plans" from bankruptcy estates. See S Cal. Code Civ. P. S 704.115(a).
 
 
 21
 We have explored the definition of such a plan before, concluding that the appropriate analysis is whether the retirement plan at issue was "designed and used for a retirement purpose." In re Bloom, 839 F.2d 1376, 1379--80 (9th Cir. 1988). Of course, this "designed and used" inquiry presumes that the entity at issue is in fact a retirement plan. Before we proceed to the issue of whether this plan was of the retirement variety, we must decide the liminal question of whether it was a plan at all.
 
 
 22
 Smith points to Webster's to ground his conclusion that the Bellwood property constituted a plan. Alas, the task of adjudication is not as simple as looking up words in the dictionary. We must turn instead to judicial precedent and the reasoning of our fellow jurists. In In re Phillips, 206 B.R. 196 (Bankr. N.D. Cal. 1997), the court declined to consider a plan the debtors' informal and unwritten sentiments. Subjective intent alone, the court concluded, does not constitute a plan. See id.
 
 
 23
 Similarly, in In re Rogers, 222 B.R. 348 (Bankr. S.D. Cal. 1998), the court concluded that the annuity at issue was not a private retirement plan. The court reasoned that the language of S 704.115 "does not extend to protect anything a debtor unilaterally chooses to claim as intended for retirement purposes." Id. at 351.
 
 
 24
 We agree with these precedents and with the bankruptcy court in concluding that Smith needed to offer more than merely his illusory intentions and dictionary definitions to satisfy the courts that the property was acquired as part of hisprivate retirement plan. Such an instantiation of the purported plan is required to prevent an abuse of this exemption. Finding none, we reject Smith's appeal and uphold the bankruptcy court's decision.[3]
 
 
 25
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.
 
 
 [2]
 Having determined that the June 19, 1995 objections were timely, we do not reach the issue of whether the conversion from Chapter 11 bankruptcy to Chapter 7 bankruptcy restarted the period in which to file objections.
 
 
 [3]
 Smith also argues that the bankruptcy court should have granted a continuance for sixty days to allow for further briefing on the issue of whether Bellwood was exempt from the bankruptcy estate (in particular, to introduce evidence concerning the suitability of the use of limited partnership interests for retirement plans), and that the Trustee did not sustain his burden of proving that Smith's exemption was not properly claimed. These contentions are without merit inasmuch as we have determined that Bellwood was not exempt because this property did not constitute a private retirement plan.
 
 
 REINHARDT, Circuit Judge, dissenting:
 
 26
 I respectfully dissent. I do not object to the substance of the majority's ruling on the merits regarding Smith's claimed exemption, but to the fact that it reached the question at all. Even though the listed exemption may have been without merit, the objection was untimely and should have been rejected.
 
 
 27
 In Taylor v. Freeland & Kronz, 503 U.S. 638 (1992), the debtor claimed a meritless exemption. Had the trustee or creditors objected to the claim within 30 days after the initial creditors meeting, as required under Federal Rule of Bankruptcy Procedure 4003(b), the property could have been retained in the bankruptcy estate. 503 U.S. at 642. However, their failure to do so within that period, the Supreme Court ruled, prevented them from challenging the validity of the exemption later -"whether or not [the debtor] had a colorable statutory basis for claiming it." Id. at 644.
 
 
 28
 I would reach the same result here. Pursuant to 11 U.S.C. S 341(a), the creditors held their initial meeting on September 8, 1995, then continued it to September 22, and then to October 27. At the conclusion of the October 27 meeting, the trustee announced: "Time's been noted at 12:32 p.m. This 341(a) meeting in John Douglas Smith is hereby adjourned until further notice. Thank you very much." No further notice was ever given and no subsequent meeting ever took place. The appellees objected to Smith's exemptions on June 19, 1996, almost eight months later.
 
 
 29
 Bankruptcy Rule 2003(e) provides that the creditors' meeting "may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further notice." The majority cites In re Flynn, 200 B.R. 481, 483 (Bankr. D. Mass. 1996), for the proposition that the word "may" in this rule is "permissive and not mandatory." I do not disagree with this proposition: that is what "may " means. The trustee may adjourn meetings or not, as he deems advisable. The question, however, is not whether trustees have discretion to adjourn creditors' meetings -they do, see In re Bernard, 40 F.3d 1028, 1031 (9th Cir. 1994)[1] -but whether for purposes of Rule 4003(b), adjournment must be accompanied "by announcement at the meeting of the adjourned date and time."
 
 
 30
 While the majority acknowledges that adjournment "to a time certain" is a procedure "provided in Rule 2003(e)," it concludes that a creditors' meeting can be adjourned even when this procedure is not followed. My colleagues determine that a meeting can be adjourned indefinitely, without "a future specified date." This conclusion is not consistent with the requirements of Rule 2003(e). For a Rule 2003(e) adjournment to be effective, it must be accompanied by an announcement of "the adjourned date and time." See In re Hurdle, 240 B.R. 617, 621-22 (Bankr. C.D. Cal. 1999); In re Levitt, 137 B.R. 881, 883 (Bankr. D. Mass. 1992). No other procedure for adjournment is provided by rule or statute, and no other method of adjournment is permitted under Rule 2003(e).[2] Policy concerns about which party best bears the burden of seeking closure, or observations about the power of courts to cut off unreasonably long adjournments, are of no consequence. See Taylor, 503 U.S. at 644 (refusing to alter interpretation of S 522(l) of bankruptcy code based on concern about incentives created by requirement that trustees and creditors object to claimed exemptions within 30 days of creditors' meeting). Nor do I believe that Rule 2003(e) should be enforced only, if at all, on a case-by-case basis. The rule should be construed to mean what it says.[3]
 
 
 31
 As the Supreme Court observed in Taylor,"[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." 503 U.S. at 644. By authorizing trustees to adjourn meetings indefinitely, even when it is unlikely that any subsequent meeting will in fact be called, the majority nullifies the 30-day requirement of Bankruptcy Rule 4003(b), renders the holding in Taylor hollow, and undermines the concerns expressed by the Supreme Court about promptness and finality. Thus, I would hold that the exemption was not properly challenged in the Chapter 11 proceeding.
 
 
 32
 Unlike the majority, I am compelled by the conclusion I reach regarding Rule 2003(e) to consider the trustee's alternate ground. I would reject that argument as well. In my opinion, the conversion of Smith's bankruptcy from a Chapter 11 reorganization to a Chapter 7 liquidation did not begin a new 30-day period for objections under Bankruptcy Rule 4003(b). The effect of an exemption is to remove property from the bankruptcy estate and vest it in the debtor, making it unavailable to creditors even if the proceeding is subsequently converted to another chapter. See In re Brown, 178 B.R. 722, 726-27 (Bankr. E.D. Tenn. 1995) (citing In re Halbert, 146 B.R. 185, 189 (Bankr. W.D. Tex. 1992)). Furthermore, Bankruptcy Rule 1019(2), which deals with conversion from Chapter 11 to Chapter 7, specifies a new time period for a number of events, but not for objections to exemptions. I therefore do not believe that the time period for objecting to exemptions commenced anew after the conversion of Smith's case to a Chapter 7 proceeding. Accordingly, I respectfully dissent from the majority's decision to affirm the denial of Smith's claimed exemption.
 
 
 
 Notes:
 
 
 [1]
 In In re Bernard the initial creditors' meeting was held on November 13, 1991. The trustee continued the meeting to December 2, then to April 6, 1992, then to April 27. Each continuance was made to a date certain. See 40 F.3d at 1031-32. "Because the trustee did not continue the meeting further, the last day for raising objections to the debtors' exemption claims was May 27." Id. at 1032. Bernard does not support the conclusion that when a trustee purports to adjourn a meeting indefinitely, a debtor's only recourse is to move for a court order concluding the meeting. To the contrary, that decision observes: "The objection period . . . remains open until 30 days after one of the following events: (a) the trustee concludes a 341(a) meeting without expressly continuing it to a later date, Bankr. R. 2003(e) . . . ." 40 F.3d at 1031 n.4 (emphasis added).
 
 
 [2]
 The majority approves adjournment "until further notice": they hold that the adjourned date and time need not be announced at the meeting, but may be announced at some later time. Even were I to agree with this position generally, I would still conclude that Rule 2003(e) was violated in this case. As the court in In re Levitt held, "Rule 2003(e), by providing for adjournment to a specific time, exhibits a concern to keep the process moving. A trustee who continues a meeting generally and does not within a reasonable time announce the adjourned date and time and reconvene the meeting thereby defeats the policy implicit in these rules." 137 B.R. at 883. Under any reasonable construction of the rule, a delayed announcement would have to be made at least within 30 days of the last meeting held; otherwise, the whole purpose of the 30-day requirement of Rule 4003(b) would be frustrated. Here, no adjourned date and time was ever announced, and the creditors' meeting never resumed. The trustee failed "to keep the process moving" in any manner. Even worse, the meeting was in fact not adjourned. Whatever the trustee had in mind, it concluded as of October 27.
 
 
 [3]
 The majority observes that at the initial creditors' meeting Smith represented that he would provide additional information and correct certain errors on his schedules. Assuming that was in fact the reason for the trustee's decision to adjourn, no reason exists why the trustee could not have announced "the adjourned date and time." Why not set a deadline for Smith's production of this information, and change it later if necessary?