**In re Jyll ROSENFELD, Debtor.**

**Bankruptcy No. 82 B 11976 (PBA).**

United States Bankruptcy Court,
S.D. New York.

Aug. 19, 1983.

Ruben, Schwartz, Meyer & Schnall, New York City, for debtor; Neil R. Flaum, New York City, of counsel.

M.S. & I.S. Isaacs, New York City, for Richard Pech.

Robert P. Herzog, New York City, for John S. Pereira, Trustee.

PRUDENCE B. ABRAM, Bankruptcy Judge:

■ The issue before the court is whether the court can or should vacate the order granting the debtor a discharge in order to allow the completion of the Section 341 meeting, 11 U.S.C. § 341. The court concludes that the order granting the discharge should be vacated pending completion of the Section 341 meeting and the examination of the debtor.[1]

---

1. Our holding is limited to vacating the order granting debtor a discharge so that the Section

341 meeting may be completed. The court is not addressing the question of whether the dis-

On October 6, 1982 Jyll Rosenfeld (hereinafter the "debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Section 341(a) meeting was scheduled for November 13, 1982. January 12, 1983 was fixed as the last date to object to discharge or file a complaint to declare a particular debt nondischargeable and the discharge hearing was scheduled for January 26, 1983. The debtor failed to appear at the Section 341(a) meeting scheduled for November 13, 1982. The meeting was adjourned to December 8, 1982 at which time the debtor again failed to appear. The meeting was further adjourned to January 24, 1983 at which time the debtor appeared and was examined by the trustee. On that date the debtor filed schedules and a statement of financial affairs.

On January 25, 1983 the office of the United States Trustee filed an application seeking a *nunc pro tunc* extension of the time to file objections to discharge. Such extension was sought on the ground that the debtor filed her schedules and statement of affairs subsequent to the last date to object to discharge. On January 26, 1983, the court extended, as to creditors added in the schedules filed on January 24, 1983, the time to object to discharge to March 14, 1983. The Section 341(a) meeting was adjourned to March 7, 1983, and the discharge hearing was rescheduled for March 16, 1983. The debtor appeared at the discharge hearing on March 16. No other appearances were made before the court on that date. The order granting the discharge was signed on April 4, and entered on April 14. The 341(a) meeting scheduled for March 7 was further adjourned at the debtor's counsel's request. Thus, at the time debtor received her discharge the 341(a) meeting had not been closed and the debtor's examination had not been concluded.

The debtor is not an ordinary consumer debtor. The schedules reflect debts of $425,000 to some forty creditors. Although the details are somewhat lacking, the debtor is apparently a close friend of a well-known comedian by the name of Jackie Mason, also known as Jacob Maza, and the debtor's address is listed as in care of Mr. Maza. The debtor in the early 1970's undertook some kind of management role with respect to Mr. Maza, his professional career earnings and his debts and utilized a corporation known as Worldwide Entertainment Corp. for this purpose. A number of the scheduled debts were originally incurred by Mr. Maza. Mr. Maza filed his own bankruptcy petition in this court in 1981 and has not yet received a discharge. Given the length of time over which the events extend and the debtor's managerial role, the schedules and statement of affairs filed are extremely barren and do not constitute that full and fair disclosure which should be the bedrock on which a discharge is based.

On June 6, 1983 a hearing was held on the motion of Richard Pech ("Pech"), a creditor, seeking an order vacating the discharge and permitting the filing of objections within a reasonable time after the completion of the examination of the debtor and her production of certain documents not yet produced. The trustee joined in this motion. The debtor objects to Pech's motion on the grounds that Pech, as the debtor's attorney, was precluded by the attorney-client privilege from bringing certain matters to the court's attention. The debtor also sought to take Pech's deposition.[2]

Pech's papers state that the debtor was a signatory to an agreement dated March 4, 1982 pursuant to which she agreed to purchase for $335,000 a condominium apartment on Wilshire Boulevard, Los Angeles, California and made numerous payments towards the purchase price. They further

charge should ultimately be denied or any of the debts declared nondischargeable.

**2.** Pech objected to the deposition on the grounds of burdensomeness since he is located in California. Although not central to this deci-

sion, one of the issues raised by Mr. Pech is whether the debtor resides in New York or California, the petition listing only a New York address.

state that only a few weeks before filing her petition, the debtor had possession of $35,000. In essence, Pech is alleging that the debtor has or had property which was not scheduled and has or had bank accounts not scheduled and made transfers within the year of the filing of the petition which were not reflected on the statement of affairs. The debtor in an affidavit sworn to June 13, 1983, and incidentally, notarized in California, the debtor states that all of the transactions Pech describes were done by her in her capacity as agent for her father, Richard Rosenfeld, or for Mr. Maza. Whether the debtor's property is involved or not is not at issue before the court at this time. It is clear from Ms. Rosenfeld's sworn affidavit in opposition to the motion that the schedules and statement of affairs fail to disclose adequately the nature of her past financial transactions and involvements. Moreover, in light of the fact that Mr. Maza has also filed a bankruptcy petition and not yet received a discharge, the debtor's explanation of the transactions suggest that they may have involved an attempt to conceal or "protect" Mr. Maza's property from his creditors. In all events, this is not a consumer bankruptcy in which there is an overreaching creditor confronting a naive but honest debtor. This is a personal business bankruptcy involving a debtor who had been engaged in substantial financial transactions for a number of years and who had every reason to anticipate that a trustee would desire to scrutinize carefully her past transactions before her discharge. She failed to file schedules until after the last date to object to discharge, a period of 3½ months after the petition was filed. She failed to appear for a number of 341 meetings and at the time of the discharge hearing knew that the examination had been continued because she had not provided requested documents.

Pech argues that pursuant to former Bankruptcy Rule 924, the court should vacate the order of discharge because the order was signed before the Section 341(a) hearing was completed and that Pech's failure to seek adjournment of the discharge hearing was based on his counsel's mistake and excusable neglect. The court need not address the question of whether the facts in this case rise to the level of excusable neglect. It is sufficient in this case that the discharge was granted prior to the conclusion of the 341(a) meeting. In effect, a judgment of discharge was entered prematurely by the court. The 341(a) meeting was adjourned on March 7 to enable the debtor to produce certain documents for examination by the creditors. The debtor was aware of this fact when she appeared for her discharge, but failed to advise the court. Under such circumstances it would be an injustice to deny the trustee and creditors the right to examine the debtor and the requested documents before the discharge is granted.

Whether Mr. Pech is entitled to have his debt declared nondischargeable or whether he is equitably estopped on the basis of his conduct does not concern this court at this time. Rather, the court is faced with a situation which calls into question the integrity of the entire bankruptcy process. The court notes that the allegations in the movant's papers are very serious, and if proved, may amount to a fraud upon the court warranting denial of the discharge. The court cannot allow a fraud to be perpetrated upon it. There are numerous inconsistencies and omissions in the debtor's schedules and statement of affairs. It may be that the debtor will be able to explain these inconsistencies and omissions, and be entitled to receive a discharge, but the discharge order of April 4 must be vacated in the face of these allegations as it was prematurely granted.

■ One further point must be addressed. The debtor argues that the evidence which Pech proposes to offer is inadmissible on the grounds of attorney-client privilege. This contention is totally devoid of merit. The proffered documents consist of checks, bank records, and a contract of sale for a condominium. It has consistently been held that negotiable instruments and bank records are not confidential communications and as such are not subject to the attorney-client privilege. *United States v. Miller,* 425 U.S. 435, 442, 96 S.Ct. 1619, 1623–24, 48 L.Ed.2d 71 (1975); *Harris v.*

*United States,* 413 F.2d 316. Likewise, the contract of sale for the condominium is not a confidential communication between attorney and client and is not privileged. *In re Grand Jury Proceedings,* 655 F.2d 882 (8th Cir.1981); *Edison Electric Light Co. v. United States Electric Light Co.,* 44 F. 294, 298 (C.C.S.D.N.Y.1890).

## CONCLUSION

Based on the foregoing the court holds that under the circumstances of this case,[3] entry of an order of discharge prior to the closing of the Section 341(a) meeting and examination of the debtor was inappropriate and for that reason the order of discharge will be vacated pursuant to F.R. Civ.P. 60(b)(6) as made applicable by former Bankruptcy Rule 924 and Bankruptcy Rule 9024 to permit the filing of objections within 10 days after the close of the 341(a) meeting.

SO ORDERED.

---

**3.** *Cf.* former Bankruptcy Rule 404(d)(3) ("On expiration of the time fixed for filing a complaint objecting to discharge the court shall forthwith grant the discharge unless ... (3) it appears that the bankrupt has failed to attend and submit himself to examination at the first meeting of creditors or at any meeting specially called for his examination....")