**In re T. Douglas THORNTON, Ursula F. Thornton, Debtors.**

**Bankruptcy No. 86–01428.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 28, 1986.

Michael N. Schaeffer, Columbus, Ohio, for movant.

Dean R. Washburn, Marion, Ohio, for debtors.

### OPINION AND ORDER DENYING MOTION TO WITHHOLD DEBTORS' DISCHARGE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon the motion of creditor, Sears, Roebuck and Company, to withhold issuance of discharge for failure to comply with 11 U.S.C. § 521(2). Upon consideration thereof, the court finds that creditor's motion should be denied.

11 U.S.C. § 727(a) provides that the court shall grant the Debtors a discharge unless certain conditions are met. This statute is implemented by Bankruptcy Rule 4004, which states:

> (c) Grant of Discharge. In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to a discharge, the court shall forthwith grant the discharge unless (1) the debtor is not an individual, (2) a complaint objecting to the discharge has been filed, or (3) the debtor has filed a waiver under § 727(a)(10) of the code. Notwithstanding the foregoing, on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within such period, the court may defer entry of the order to a date certain.

Additionally, in a chapter 7 case, a complaint objecting to discharge must be filed not later than 60 days following the first date set for the meeting of creditors. Bankruptcy Rule 4004(a). Bankruptcy Rule 4004(c), *supra,* directs the court to grant debtor's discharge "forthwith". The court may only withhold a discharge if one of the numerated exceptions apply.

The first basis for the court to refuse to grant a discharge is that the debtor is not an individual. Bankruptcy Rule 4004(c)(1). Debtors, in the instant situation, are, obviously, individuals. Bankruptcy Rule 4004(c)(2) empowers the court to withhold a discharge if a complaint objecting to discharge has been filed. No complaint objecting to debtor's discharge was filed. Therefore, the court issued debtors' discharge on October 28, 1986. Under subsection (3) of Bankruptcy Rule 4004(c), the court may withhold debtor's discharge if the debtor has filed a waiver under 11 U.S.C. § 727(a)(10). Debtors have not filed such a waiver. Lastly, the court may, pursuant to Bankruptcy Rule 4004(c), defer entry of an order granting a discharge upon motion of the debtor. Debtors have filed no motion.

Thus, creditor has no standing to bring the motion before the court. Debtors are the only parties who may file a motion deferring the order granting discharge. Therefore, because no basis exists for the court to withhold its order granting debtors' discharge, the court finds that creditor's motion is not well taken and should be denied.

In light of the foregoing reasons, it is therefore

ORDERED that the motion of Sears, Roebuck and Company, to withhold Debtors' discharge be, and hereby is, denied.