**In re Irving BRUCKSTEIN, Debtor.**

**Bankruptcy No. 897–85681–478.**

United States Bankruptcy Court,
E.D. New York.

May 26, 1998.

J. Ted Donovan, Teitelbaum, Braverman & Borges, P.C., New Hyde Park, NY, for debtor.

Gregory Messer, Brooklyn, NY, trustee.

The Law Offices of Gustave F. De Velasco, Flushing, NY, Gustave F. De Velasco, for creditors.

Andrea Angera, Angera, Levin & Baltz, Far Hills, NJ, for creditors.

## DECISION DENYING MOTION TO VACATE DISCHARGE

DOROTHY EISENBERG, Bankruptcy Judge.

This motion has come before this court pursuant to Rule 9013 of the Bankruptcy Rules and seeks to vacate an Order of Discharge granted to a debtor in Chapter 7 bankruptcy. The movants are Robert Gensler ("Gensler"), an unsecured creditor of the debtor Irving Bruckstein ("Debtor"), Business Interfacing & Consulting, Inc. ("BIC") and BI & CT Corporation ("BI & CT"), also unsecured creditors of Debtor. Gensler is the president of both corporations. There is a second motion pending, not decided here, to disqualify Debtor's counsel and for disgorgement of fees. An Adversary Proceeding to determine whether or not to revoke Debtor's discharge for failure to report or surrender acquired property under section 727(d)(2) of the Bankruptcy Code is also pending.

In the instant motion the movants seek to vacate the Order of Discharge on two grounds: 1) the Order of Discharge was entered prior to the conclusion of the Section 341(a) hearing and under circumstances which suggest the reasonable suspicion of fraud in Debtor's schedules and filings; 2) Debtor has failed to file proper schedules, in particular, the Certification Pursuant to Bankruptcy Rule 2016. Debtor opposes this motion on the following grounds: 1) the motion does not state the basis for the relief sought; 2) the only support cited by movants for this motion, *In re Rosenfeld,* 32 B.R. 351 (Bankr.S.D.N.Y.1983) is wholly inapplicable;

3) the verified statement of Gensler, offered in support of this motion, contains allegations which amount to nothing more than innuendo, half-truths, and irrelevancies designed to prejudice this Court against Debtor; 4) movants, if Gensler's statements were taken to be true, should have brought an action to have their claims determined to be non-dischargeable, filed an objection to discharge, or included the allegations in the complaint movants did file to revoke the discharge; they did none of these things; 5) the only material basis on which the revocation of the Order of Discharge is sought is that the Section 341 meeting was still open; all other statements and allegations are immaterial and apparently made to defame Debtor; 6) there is no basis in law or fact on which to grant this motion.

After considering the motion papers filed by movants, the Verified Statement of Gensler, the Memorandum of Law in support of this motion, the Affidavits, as well as the Affirmation and Supplementary Affirmation of debtor's counsel in opposition to the motion, and Debtor's Memorandum of Law in opposition to the motion, and after hearing extensive oral argument by counsel to all parties at a hearing held on April 9, 1998, this Court remains unpersuaded by movants' arguments and believes the support provided to the court for this motion to be misplaced and inapposite. This Court finds that there is no basis on which to vacate the Order of Discharge granted to Debtor.

## FACTS

A voluntary Chapter 7 Petition initially was filed by Debtor *pro se* on July 29, 1997. The moving creditors were listed in the Debtor's schedules, and the notice of the filing and Section 341(a) meeting of creditors was mailed to them by the Clerk's office. Under Section 341(a) of the Bankruptcy Code a meeting of creditors was convened on August 29, 1997 at which Debtor appeared with counsel and was examined by counsel for movants. Counsel for movants was informed by counsel for Debtor that there was a possibility that the Chapter 7 Petition might be withdrawn or converted to Chapter 13 to allow issues in Debtor's matrimonial action to resolve themselves. On October 7, 1997 a motion was made by debtor to withdraw the Chapter 7 Petition. Counsel for movants requested a postponement of the hearing on the motion in order to file opposition papers. The request was granted by Debtor's counsel and the Court adjourned the motion. Debtor's motion to withdraw the Chapter 7 Petition was eventually abandoned. The 341(a) meeting was adjourned several times. Debtor was examined again at a meeting held on December 30, 1997. The 341(a) meeting remained open and was not concluded. In the mean time, on December 16, 1997 an Order was entered by the Clerk discharging Debtor of all dischargeable debts. The Trustee has not joined in support of movants' motion. The Adversary Proceeding under § 727(d)(2) was commenced by movants on February 5, 1998, after the discharge was issued, but within one year of the date the discharge was granted and is still pending.

The issue before this Court is whether, given the fact that movants filed no timely complaint objecting to the discharge and sought no extension within the time allowed to object to the discharge, there are any extraordinary facts or circumstances which would warrant vacating the discharge?

## DISCUSSION

When presented with the prospect of a debtor receiving a discharge in Chapter 7 bankruptcy proceedings, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure provide mechanisms with which a creditor may prevent, postpone or revoke the Order of Discharge. Rule 4004(a) provides:

In a Chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days following *the first date set* for the meeting of creditors held pursuant to § 341(a) (emphasis added).

11 U.S.C. Rule 4004(a).

Rule 4004(b) states:

On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. *The motion shall*

*be made before such time has expired* (emphasis added).

11 U.S.C. Rule 4004(b).

After the discharge has been granted, under section 727 of the Code:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; ...

11 U.S.C. § 727(d).

Section 727(e) governs the time period allowed for revocations under (d)(1) or (d)(2) which must be requested before the later of

(A) one year after the granting of such discharge, and

(B) the date the case is closed

11 U.S.C. § 727(e)(2).

In the instant case, movants, as unsecured creditors of Debtor, now ask this Court to accept still another possibility by which a debtor may be thwarted in his efforts to obtain a discharge. Movants allege that because an Order of Discharge was entered prior to the conclusion of the § 341(a) creditors meeting while and under circumstances which allegedly suggest a suspicion of fraud in Debtor's schedules and filings, there is sufficient grounds to vacate the discharge order. For this proposition movants rely solely on *In re Rosenfeld,* 32 B.R. 351 (Bankr.S.D.N.Y.1983). Movants' reliance is ill-founded. Although the facts of *Rosenfeld* demand an assiduous scrutiny, no great subtlety of analysis is required to see how *Rosenfeld* is distinguishable from the matter now before this Court. In *Rosenfeld* the following facts were significant. The debtor twice failed to show up at the meeting of creditors. The last day to object to the discharge or to file a complaint to declare a particular debt nondischargeable passed, and at the next creditors meeting subsequent to that date, the debtor was examined for the first time by the trustee and filed a schedule and a statement of financial affairs. One day after that the Trustee filed an application to extend the time to object to the discharge on the grounds that the debtor filed her schedules and statement of financial affairs after the last day to object. The court extended to those creditors who were added in the schedule filed by the debtor time to object to her discharge. *Rosenfeld,* at 352. Subsequent to the debtor's first appearance at the 341(a) meeting of creditors, this meeting was adjourned yet again to enable the debtor to produce certain documents for examination by the creditors. The last day for creditors to object to the discharge came and went, and two days thereafter a discharge hearing was held at which the debtor failed to advise the court that her creditors were still waiting on her production of documents for examination. The court stated:

*that under the circumstances of this case* (fn.3), entry of an order of discharge prior to the closing of the Section 341(a) meeting and examination of the debtor was inappropriate and for that reason the order of discharge will be vacated ... (emphasis added).

Fn.3 *Cf.* former Bankruptcy Rule 404(d)(3) ("On expiration of the time fixed for filing a complaint objecting to discharge the court shall forthwith grant the discharge unless ... (3) it appears that the bankrupt has failed to attend and submit himself to examination at the first meeting of creditors or at any meeting specially called for his examination....")

*Id.* at 354.

The *Rosenfeld* court quite deliberately and carefully restricted its holding to "the circumstances of [that] case" and, by referring in a footnote to the appropriate former Bankruptcy Rule, implied which facts were most significant. From this farrago of dates, adjournments, and various indicia of fraud

and misrepresentation, in regard to the court which granted the discharge as well as the creditors, the salient points which can be extracted from the *Rosenfeld* facts and circumstances are that the last date to object to discharge or file a complaint to declare a particular debt nondischargeable was January 12, 1983. In *Rosenfeld*, the debtor never appeared for examination at all 341(a) meetings scheduled prior to the last date to object to discharge, nor had she properly filed schedules and statement of affairs prior thereto. She was only initially examined after the date to object to discharge had passed. When the creditor Pech moved to vacate the discharge, the Trustee joined him in that motion. On its face, these facts present an argument for an extension of time based on a lack of due process having been afforded to the Trustee and to her creditors because of the debtor's improper acts. The decision in that case is not based upon any of the arguments presented here. The facts are different. In the case at hand, Debtor did appear at the scheduled 341(a) meeting prior to the expiration of the time to object to discharge, and had filed his schedules and statement of affairs from which the facts could be ascertained and he be examined. In such a case, the creditor has the burden of requesting an extension of time to object. If not done in a timely fashion, the Order of Discharge is issued pursuant to the Bankruptcy Code. Movants draw the attention of this Court to the fact that in *Rosenfeld* there were strong indications of fraudulent conduct by the debtor in that, given her business activities, her schedules and statement of affairs provided a dearth of information, from which it could be inferred that there had not been full and fair disclosure. *Rosenfeld*, at 352–53. Movants aver that these facts and circumstances of *Rosenfeld* are similar to the matter now before this Court in that Debtor is being investigated by the Bankruptcy Fraud Unit of the IRS, Nassau County Investigations for New York State Unemployment, and other allegations of fraud. All this may be relevant to the pending Adversary Proceeding, but is not germane to the issue before the Court. This Court reads *In re Rosenfeld* for the proposition that it is inequitable and against the principles of due process to permit the debtor to obtain a discharge before she had submitted herself to examination by the creditors and before filing her schedules and statement of affairs. The creditors in *Rosenfeld* had no opportunity to object because they were not able to examine the very material on which to base objections. Unlike the debtor in *Rosenfeld*, Debtor Bruckstein in the instant motion did appear at 341(a) meetings and was examined by the Trustee and creditors, and filed his schedules and statement of affairs, all prior to the last day on which to object to the discharge and before the Order of Discharge was granted.

 If movants had suspicions of fraud before the last day to object to the discharge, they should have employed the mechanisms given them under Rule 4004 to file a complaint objecting to the upcoming discharge, or brought a motion to extend the time for filing a complaint to object to the discharge, and should have done so before the expiration of the sixty days given them to do so. The Rules and the Code are perfectly straightforward on this. *See In re Emery*, 132 F.3d 892, 895 (2d Cir.1998) ("If a creditor knows of a debtor's fraud before a bar date, the creditor should object to the discharge.... A creditor then has a year to bring an action to revoke the discharge based upon knowledge of fraud obtained after the discharge date"); *In re Meo*, 84 B.R. 24, 27 (Bankr.M.D.Pa.1988) (when creditor discovers fraud before sixty days is up, Rule 4004(a) governs, and when creditor has no notice of misconduct until after discharge granted, time limits of § 727(e) apply, i.e., the creditor may seek revocation of discharge within one year of discharge); *In re Thornton*, 73 B.R. 178, 178 (Bankr.N.D.Ohio 1986) (in absence of complaint objecting to debtor's discharge, waiver by debtor, or motion to defer granting discharge, no basis existed for court to deny Chapter 7 debtor's discharge). *See also United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1029–30, 103 L.Ed.2d 290 (1989) ("as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute"). That movants now suspect

that Debtor's schedules are incomplete and misleading is unpersuasive for the purpose of the present motion. Furthermore, by asserting that Debtor's petition was filed initially *pro se,* that a possible conversion to Chapter 13 was discussed, that there was an on-and-off again motion to withdraw the Chapter 7 Petition, and that the 341(a) meeting of creditors was left open, movants do not overcome the underlying premise of Chapter 7, which is to grant an honest debtor a fresh start. Movants have failed to persuade this Court of any extraordinary aspects of this case which materially excuse movants from taking the appropriate measures to make a timely request for an extension of time to file objections to discharge.

It is common practice to leave the 341(a) meeting of creditors open beyond the date of discharge. *See In re Flynn,* 200 B.R. 481, 483 (Bankr.D.Mass.1996) (creditors meeting may be continued indefinitely); *In re DiGregorio,* 187 B.R. 273, 276 (Bankr.N.D.Ill.1995) (in absence of conclusion date, creditors meeting can continue indefinitely). There is no statutory authority to extend the time to object to discharge based on the continuous adjournments of the Section 341(a) meeting of creditors.

### CONCLUSION

This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2). Counsel for movants did not file a summons and complaint within the time allowed to object to the discharge nor did they seek to extend the time in which to object. No extraordinary circumstances exist on which to form a basis to vacate the Order of Discharge. The motion is denied.