O’SCANNLAIN, Circuit Judge, dissenting:
I respectfully disagree with the majority’s conclusion that a bankruptcy trastee is prohibited from adjourning a meeting of creditors “until further notice.” Rather, I would hold that the creditors objected in a timely manner in this case. Consequently, I would also reach the merits of whether the Bellwood holdings constitute a “private retirement plan” under California law and I conclude that it decidedly does not.
I
According to Federal Rule of Bankruptcy Procedure 2003(e), a meeting of creditors under 11 U.S.C. § 341(a) “may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further notice.” Fed. Rule Bkrtcy. Proc.2003(e) (emphasis added). The majority argues that the meeting of creditors was concluded, rather than adjourned on October 27, 1995, because the trustee adjourned the meeting until further notice without specifying a new meeting date.
This contention is not persuasive. In In re Bernard, 40 F.3d 1028 (9th Cir.1994), we stated that a trustee “has broad discretion whether to adjourn or conclude the meeting,” which depends on the degree to which the debtor has furnished satisfactory information relating to the bankruptcy. Id. at 1031 n. 4. “The scant available authorty agrees that ‘may’ in Rule 2003(e) is permissive and not mandatory.” In re Flynn, 200 B.R. 481, 483 (Bankr.D.Mass.1996); see also In re DiGregorio, 187 B.R. 273, 275 (Bankr.N.D.Ill.1995); In re Havanec, 175 B.R. 920, 922 (Bankr.N.D.Ohio 1994) (finding that limiting adjournments to a specific date is “unduly constrictive”). The meeting is not concluded until the trustee so declares or the court so orders. See In re Flynn, 200 B.R. at 484; In re DiGregorio, 187 B.R. at 276. But see In re Levitt, 137 B.R. 881, 883 (Bankr.D.Mass.1992) (“[Wjhere the trustee fails to announce an adjourned date and time within thirty days of the date on which the meeting of creditors was last held, the meeting will be deemed to have concluded on the last meeting date.”). I would decline to follow Levitt in favor of the more recent pronouncements in Flynn, DiGregorio, and Havanec, and hold that an adjournment of a § 341(a) hearing does not conclude the hearing merely due to the absence of a future specified date.
There are two good reasons to allow adjournments “until further notice.” First, “[sjince the debtor has the greatest interest in concluding the meeting so as to trigger the 30-day objection period, this Court deems it appropriate to place the burden on the debtor to move for a court order concluding the § 341 meeting.” In re DiGregorio, 187 B.R. at 276; see also In re Bernard, 40 F.3d at 1031 n. 4. Second, a court allowing an adjournment until an unspecified date retains control and may cut off the time for objections in the case of unreasonable delay. See In re Flynn, 200 B.R. at 484.
The permissibility of such adjournments, of course, does not mean that they are to be commended or that the bankruptcy court should allow them in all cases. Often, a trustee can easily adjourn the meeting to a time certain, as provided in Rule 2003(e). A case-by-case analysis is appropriate. Trustees cannot keep these meetings open indefinitely without “legitimate grounds for believing that further investigation will prove fruitful.” In re Bernard, 40 F.3d at 1031 n. 4.
28 U.S.C. § 586 may commit to UST discretion [to choose] among otherwise available means; but it does not give the UST “discretion” to use any means she fancies in any way she pleases. No part of 28 U.S.C. § 586 authorizes the UST to act in an otherwise unlawful or abu *480 sive manner and excuse herself by pleading “discretion.”
In re Vance, 120 B.R. 181, 194 (Bankr.N.D.Okla.1990).
In this case, an adjournment “until further notice” was appropriate. As the district court stated,
[a]t the end of the October 27, 1995 creditors’ meeting, several issues were left open for later resolution. Further, Smith represented that he would amend his schedules to correct errors and omissions. At the conclusion of the meeting, the trustee stated “this 341(a) hearing in John Douglas Smith is hereby adjourned until further notice.” Given the context, the Court finds that the trustee’s initial decision to leave the date of the next meeting open until the requested information was available was both clearly stated and reasonable.
Smith v. Kennedy, No. CV-97-7173 at 10. There is no indication that Smith objected to the length of the continuance, nor did he move to conclude the § 341(a) hearing. Indeed, on appeal, Smith has not even attempted to rebut the district court’s factual findings. Thus, I agree with the district court that the Trustee did not err by granting an adjournment to an unspecified date and that the thirty-day objections period had not yet begun to run.
II
Consequently, I would reach Smith’s substantive argument that his Bellwood holdings constitute a “private retirement plan” under California law. Pursuant to 11 U.S.C. § 522(b), a debtor may exempt from the bankruptcy estate any assets that are exempted under the law of the debtor’s state. 11 U.S.C. § 522(b)(2)(A); see In re MacIntyre, 74 F.3d 186, 187 (9th Cir.1996). California law provides for the exemption of “private retirement plans” from bankruptcy estates. See § Cal.Code Civ. P. § 704.115(a).
We have explored the definition of such a plan before, concluding that the appropriate analysis is whether the retirement plan at issue was “designed and used for a retirement purpose.” In re Bloom, 839 F.2d 1376, 1379-80 (9th Cir.1988). Of course, this “designed and used” inquiry presumes that the entity at issue is in fact a retirement plan. Before proceeding to the issue of whether this plan was of the retirement variety, it is necessary to decide the liminal question of whether it was a plan at all.
Smith points to Webster’s to ground his conclusion that the Bellwood property constituted a plan. Alas, the task of adjudication is not always as simple as looking up words in the dictionary. Often we must turn instead to judicial precedent and the reasoning of our fellow jurists. In In re Phillips, 206 B.R. 196 (Bankr.N.D.Cal.1997), the court declined to consider a plan the debtors’ informal and unwritten sentiments. Subjective intent alone, the court concluded, does not constitute a plan. See id.
Similarly, in In re Rogers, 222 B.R. 348 (Bankr.S.D.Cal.1998), the court concluded that the annuity at issue was not a private retirement plan. The court reasoned that the language of § 704.115 “does not extend to protect anything a debtor unilaterally chooses to claim as intended for retirement purposes.” Id. at 351.
I agree with these precedents and with the bankruptcy court in concluding that Smith needed to offer more than merely his illusory intentions and dictionary definitions to satisfy the courts that the property was acquired as part of his private retirement plan. Such an instantiation of the purported plan is required to prevent an abuse of this exemption. Finding none, I would reject Smith’s appeal and uphold the bankruptcy court’s decision.